| B 104 (Rev. 8/99) | **ADVERSARY PROCEEDING SHEET** (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (For Court Use Only) |
|---|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| JET SOURCE CHARTER, INC.<br><br>Address<br>2056 Palomar Airport Road<br>Carlsbad, CA 92008 | VICTORIA L. DOHERTY and BRIAN J. DOHERTY<br><br>Address<br>3192 Caminita Cortina<br>Fallbrook, CA 92028 |

| ATTORNEYS (Firm Name, Address, and Telephone Number) | ATTORNEYS (if known) |
|---|---|
| Richard K. Howell, Esq.<br>Roger F. Friedman, Esq.<br>RUTAN & TUCKER, LLP<br>611 Anton Blvd., 14th Floor<br>Costa Mesa, CA 92626 | Please See Attachment "A"<br><br>Case # : 06-90183-JHAD<br>Debtor.: JET SOURCE CHARTER INC.<br>Judge..: JOHN HARGROVE<br>Chapter: AD<br>- - - - - - - - - - - - - - - - - - - - - - -<br>Filed : February 15, 2006  15:57:59<br>Deputy : K DURAN<br>Fee Not : $250.00<br>Amount : |

PARTY (Check one box only)   ☐ 1  U.S. PLAINTIFF   ☐ 2  U.S. DEFENDANT   ☒ 3  ~~U.S. NOT A PARTY~~

CAUSE OF ACTION (Write a brief statement of cause of action, including all U.S. statutes involved)
Avoidance Of Fraudulent Transfers Under The Bankruptcy Code; Avoidance Of Fraudulent Transfers Under The Uniform Fraudulent Transfer Act; Avoidance Of Preferences Under The Bankruptcy Code; Recovery Of Fraudulent Transfers And Preferences Under The Bankruptcy Code; Recovery Of Fraudulent Transfers Under The Uniform Fraudulent Transfer Act; Declaratory Relief; Constructive Trust; and Accounting. 11 U.S.C. §§ 544(b), 547(b), 548(a), and 550(a); Cal. Civ. Code §§ 3439.04, 3439.05, 3439.07, and 3439.08.

### NATURE OF SUIT
(Check the one most appropriate box only)

| | | |
|---|---|---|
| ☒ 454 To recover money or property | ☐ 455 To revoke an order of confirmation of a Chapter 11 or Chapter 13 Plan | ☐ 456 To obtain a declaratory judgment relating to any of the foregoing causes of action |
| ☐ 435 To determine validity, priority, or extent of a lien or other interest in property | ☐ 426 To determine the dischargeability of a debt 11 U.S.C. § 523 | ☐ 459 To determine a claim or cause of action removed to a bankruptcy court |
| ☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property | ☐ 434 To obtain an injunction or other equitable relief | ☐ 498 Other (specify) |
| ☐ 424 To object or to revoke a discharge 11 U.S.C. § 727 | ☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a Plan | |

| ORIGIN OF PROCEEDING (Check one box only) | ☒ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| DEMAND | NEAREST THOUSAND<br>$ Not less than $675,000 | OTHER RELIEF SOUGHT | ☒ JURY DEMAND |
|---|---|---|---|

### BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | BANKRUPTCY CASE NUMBER |
|---|---|
| Brian J. Doherty | 04-01573-JH |

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| Southern | | John J. Hargrove |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NUMBER |
|---|---|---|
| Jet Source Charter, Inc. | Brian J. Doherty, et al. | 04-90323-JHAD |

| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| Southern | | John J. Hargrove |

| FILING FEE (Check one box only) | ☒ FEE ATTACHED | ☐ FEE NOT REQUIRED | ☐ FEE IS DEFERRED |
|---|---|---|---|

| DATE<br>February 15, 2006 | PRINT NAME<br>Roger F. Friedman | SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|---|---|

B-104

2002 © American LegalNet, Inc.

This cover sheet must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney) and submitted to the Clerk of the Court upon the filing of a complaint initiating an adversary proceeding.

The cover sheet and the information contained on it *do not* replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. This form is required for the use of the Clerk of the Court to initiate the docket sheet and to prepare necessary indices and statistical records. A separate cover sheet must be submitted to the Clerk of the Court for each complaint filed. The form is largely self-explanatory.

**Parties.** The names of the parties to the adversary proceeding *exactly* as they appear on the complaint. Give the names and addresses of the attorneys if known. Following the heading "Party," check the appropriate box indicating whether the United States is a party named in the complaint.

**Cause of Action.** Give a brief description of the cause of action including all federal statutes involved. For example, "Complaint seeking damages for failure to disclose information, Consumer Credit Protection Act, 15 U.S.C. § 1601 et seq.," or " Complaint by trustee to avoid a transfer of property by the debtor, 11 U.S.C. § 544."

**Nature of Suit.** Place an "X" in the appropriate box. Only one box should be checked. If the cause fits more than one category of suit, select the most definitive.

**Origin of Proceedings.** Check the appropriate box to indicate the origin of the case:

1. Original Proceeding.
2. Removed from a State or District Court.
4. Reinstated or Reopened.
5. Transferred from Another Bankruptcy Court.

**Demand.** On the next line, state the dollar amount demanded in the complaint in thousands of dollars. For $1,000, enter 1 " for $10,000, enter "10," for $100,000, enter "100," if $1,000,000, enter "1000." If $10,000,000 or more, enter "9999." If the amount is less than $1,000, enter "0001." If no monetary demand is made, enter "XXXX." If the plaintiff is seeking non-monetary relief, state the relief sought, such as injunction or foreclosure of a mortgage.

**Bankruptcy Case In Which This Adversary Proceeding Arises.** Enter the name of the debtor and the docket number of the bankruptcy case from which the proceeding now being filed arose. Beneath, enter the district and divisional office where the case was filed and the name of the presiding judge.

**Related Adversary Proceedings.** State the names of the parties and six-digit adversary proceeding number from any adversary proceeding concerning the same two parties or the same property currently pending in any bankruptcy court. On the next line, enter the district where the related case is pending and the name of the presiding judge.

**Filing Fee.** Check one box. The fee must be paid upon filing unless the plaintiff meets one of the following exceptions. The fee is not required if the plaintiff is the United States government or the debtor. If the plaintiff is the trustee or a debtor in possession and there are no liquid funds in the estate, the filing fee may be deferred until there are funds in the estate. (In the event no funds are ever recovered for the estate, there will be no fee.) There is no fee for adding a party after the adversary proceeding has been commenced.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the right of the last line of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is *pro* se, that is, not represented by an attorney, the plaintiff must sign.

The name of the signatory must be printed in the box to the left of the signature. The date of the signing must be indicated in the box on the far left of the last line.

2002 © American LegalNet, Inc.

## ATTACHMENT "A"

*Counsel for Victoria Doherty*
Michael P. Duff, Esq.
345 West Ninth Ave.
Suite 200
Escondido, CA 92025

*Counsel for Brian J. Doherty*
Judith A. Descalso, Esq.
613 West Valley Parkway
Suite 340
Escondido, CA 92025

470/ -
0.0 a00:00/00

ORIGINAL

1  Richard K. Howell (State Bar No. 144241)
   Roger F. Friedman (State Bar No. 186070)
2  RUTAN & TUCKER, LLP
   611 Anton Boulevard, Fourteenth Floor
3  Costa Mesa, California 92626-1931
   Telephone: 714-641-5100
4  Facsimile: 714-546-9035

5  Attorneys for Plaintiff
   JET SOURCE CHARTER, INC.

6

7

```
Case # : 06-90183-JHAD
Debtor.: JET SOURCE CHARTER INC.
Judge..: JOHN HARGROVE
Chapter: AD
------------------------------------
Filed : February 15, 2006  15:57:59
Deputy : K DURAN
Receipt: 190489
Amount : $250.00
------------------------------------
```

8              UNITED STATES BANKRUPTCY COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10  In re                          | Case No. 04-01573-JH

11  BRIAN J. DOHERTY,              | Chapter 11

12        Debtor.

13  _____

    JET SOURCE CHARTER, INC.,      | Adversary Proceeding No. _____
14
          Plaintiff,               | **COMPLAINT FOR:**
15                                  | **(1)  AVOIDANCE OF FRAUDULENT**
       vs.                         |        **TRANSFERS UNDER THE**
16                                 |        **BANKRUPTCY CODE;**
    VICTORIA L. DOHERTY; BRIAN J.  | **(2)  AVOIDANCE OF FRAUDULENT**
17  DOHERTY; and DOES 1-10,        |        **TRANSFERS UNDER THE**
                                   |        **UNIFORM FRAUDULENT**
18        Defendants.              |        **TRANSFER ACT;**
                                   | **(3)  AVOIDANCE OF PREFERENCES**
19                                 |        **UNDER THE BANKRUPTCY**
                                   |        **CODE;**
20                                 | **(4)  RECOVERY OF FRAUDULENT**
                                   |        **TRANSFERS AND**
21                                 |        **PREFERENCES UNDER THE**
                                   |        **BANKRUPTCY CODE;**
22                                 | **(5)  RECOVERY OF FRAUDULENT**
                                   |        **TRANSFERS UNDER THE**
23                                 |        **UNIFORM FRAUDULENT**
                                   |        **TRANSFER ACT;**
24                                 | **(6)  DECLARATORY RELIEF;**
                                   | **(7)  CONSTRUCTIVE TRUST; AND**
25                                 | **(8)  ACCOUNTING**

26                                 | **[11 U.S.C. §§ 544(b), 547(b), 548(a), and**
                                   | **550(a); Cal. Civ. Code §§ 3439.04, 3439.05,**
27                                 | **3439.07, and 3439.08]**

28

Rutan & Tucker LLP
attorneys at law

2149/021736-0005
682375.02 a02/15/06

Complaint for Avoidance and Recovery of
Fraudulent Transfers, Avoidance and Recovery
of Preferences, Declaratory Relief, Etc.

## JURISDICTION AND VENUE

1.    The Bankruptcy Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334(a) and (b), and 157(a).

2.    This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E), (F), (H), and (O).

3.    Venue is proper in the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## PARTIES

4.    At all times relevant, Plaintiff Jet Source Charter, Inc. ("Plaintiff" or "Jet Source") was a corporation organized to do business in the State of Nevada, with authority to conduct business in the State of California, and with a principal place of business in San Diego County.

5.    The Court has authorized Jet Source, pursuant to an "Order Granting In Part Emergency Motion for Authorization to Pursue Fraudulent Conveyance Actions on Behalf of the Estate" entered June 21, 2004, to file and prosecute on behalf of the bankruptcy estate in this case all appropriate actions to avoid and recover avoidable transfers made voluntarily or involuntarily by the Debtor/Defendant Brian J. Doherty.

6.    Defendant Brian J. Doherty ("Brian Doherty") is the debtor in Bankruptcy Case No. 04-01573-JH. Plaintiff is informed and believes, and based thereon alleges, that at all times relevant, Brian Doherty was an individual with a principal place of residence in San Diego County, California.

7.    Plaintiff is informed and believes, and based thereon alleges, that at all times relevant, Defendant Victoria L. Doherty ("Victoria Doherty," and collectively with Brian Doherty, "Defendants") was an individual with a principal place of residence in San Diego County, California and was Brian Doherty's wife.

8.    Plaintiff is informed and believes, and based thereon alleges, that Mach I, Inc. ("Mach I") is the debtor in Bankruptcy Case No. 04-01585-JM, and at all times

///

Rutan & Tucker LLP
attorneys at law

2149/021736-0005
682375.02 a02/15/06

-1-

Complaint for Avoidance and Recovery of
Fraudulent Transfers, Avoidance and Recovery
of Preferences, Declaratory Relief, Etc.

1   than their agreed upon commission) at Jet Source's expense. The Mach I Defendants took

2   steps to actively conceal from Jet Source their personal interests in those certain aircraft

3   and their secret profits on all of the aircraft, by, among other things, falsifying and forging

4   purchase and sale documents, and creating a sham corporation with a straw-man president.

5        19.    Mach I and/or Mach I Aircraft transferred to Brian Doherty and John

6   Mouyos funds that were obtained from the secret transactions and undisclosed sales

7   profits. Brian Doherty and John Mouyos subsequently transferred some of those funds to

8   third parties for less than reasonably equivalent value.

9        20.    The Mach I Defendants committed breach of fiduciary duty, fraud, and

10   conversion, engaged in self-dealing, and in engaged in conduct with malice, oppression, or

11   fraud in connection with their broker and agent relationships with Jet Source for the

12   purchase and sale of aircraft.

13   **C.    Jet Source's State Court Action and Judgment Against the Mach I Defendants**

14        21.    Jet Source sued the Mach I Defendants on August 6, 2001 in the Superior

15   Court for the State of California, for the County of San Diego, North County Division,

16   Case No. GIN014623, (the "State Court Action"). In the operative complaint, Jet Source

17   alleged numerous causes of action against the Mach I Defendants. The parties' jury trial –

18   which was bifurcated for a determination of the amount of punitive damages – commenced

19   on January 12, 2004 and concluded on March 15, 2004.

20        22.    The Mach I Defendants actively participated in all stages of discovery and

21   trial in the State Court Action, and all of the issues in the State Court Action were actually,

22   fully, and fairly litigated. Each of the Mach I Defendants and/or their representatives had

23   an opportunity to, and did, testify and present its own evidence during the trial in the State

24   Court Action.

25        23.    On February 17, 2004, the Jury returned a Verdict (the "Original Verdict"),

26   and on March 11, 2004, the Jury return a corrected Verdict[1] (the "Compensatory Damages

27   _____

28   [1]  Although the Jury found in favor of Jet Source and against the Mach I Defendants in the Original Verdict, corrections were necessary because the Jury made errors in the Original Verdict.

Rutan & Tucker LLP
attorneys at law

Complaint for Avoidance and Recovery of
Fraudulent Transfers, Avoidance and Recovery
of Preferences, Declaratory Relief, Etc.

1  Verdict"), in Jet Source's favor and against all the Mach I Defendants in the compensatory

2  damages phase of the trial.

3         24.    The Jury found that each of the Mach I Defendants is liable to Jet Source for

4  damages in the amount of $3,783,667.00 for breach of fiduciary duty, fraud, and negligent

5  misrepresentation, and $20,396.90 for conversion.  (Compensatory Damages Verdict,

6  Question Nos. 1-2, 4-5, 7-8, 9-10.)

7         25.    The Jury found, by clear and convincing evidence, that each of the Mach I

8  Defendants engaged in conduct with malice, oppression, or fraud in breaching a fiduciary

9  duty and in committing fraud and conversion, so as to justify an award of punitive

10  damages.  (Compensatory Damages Verdict, Question Nos. 3, 6, 11.)

11         26.    The Jury found that Mach I and Mach I Aircraft are liable to Jet Source for

12  damages in the amount of $1,250,000.00 for breach of contract.  (Compensatory Damages

13  Verdict, Question Nos. 12-13.)

14         27.    On March 15, 2004, the Jury returned a Verdict in Jet Source's favor and

15  against all the Mach I Defendants, determining the amount of punitive damages (the

16  "Punitive Damages Verdict").

17         28.    The Jury awarded Jet Source punitive damages against the Mach I

18  Defendants in the following amounts:  (a) Brian Doherty $11,400,000.00; (b) John

19  Mouyos $7,600,000.00; (c) Mach I $3,800,000.00; and (d) Mach I Aircraft $3,800,000.00.

20  (Punitive Damages Verdict, Question Nos. 1-4.)

21         29.    On April 12, 2004, the State Court entered a "Judgment on Jury Verdict"

22  (the "Judgment") in the State Court Action based on, among other things, the Jury's

23  findings in the Compensatory Damages Verdict and the Punitive Damages Verdict.

24         30.    The Judgment provides that Jet Source is entitled to recover from the Mach I

25  Defendants, jointly and severally, compensatory damages in the principal sum of

26  $3,783,667.00 for breach of fiduciary duty, fraud, and negligent misrepresentation, and

27  $20,396.90 for conversion, plus prejudgment interest.  (Judgment, ¶¶ 1-2.)

28  / / /

Complaint for Avoidance and Recovery of
Fraudulent Transfers, Avoidance and Recovery
of Preferences, Declaratory Relief, Etc.

31.     The Judgment further provides that Jet Source is entitled to recover from Mach I and Mach I Aircraft, jointly and severally, compensatory damages in the principal sum of $1,250,000.00 for breach of contract, plus prejudgment interest. (Judgment, ¶ 3.)

32.     In addition, the Judgment provides that Jet Source is entitled to recover punitive damages from the Mach I Defendants in the following amounts: (a) Brian Doherty $11,400,000.00; (b) John Mouyos $7,600,000.00; (c) Mach I $3,800,000.00; and (d) Mach I Aircraft $3,800,000.00. (Judgment, ¶ 4.)

33.     The Judgment also provides that Jet Source is entitled to recover from the Mach I Defendants, jointly and severally, costs and post-judgment interest at the rate of ten percent (10%) per annum on all amounts due by each of them, respectively, pursuant to the Judgment from the date of entry of the Judgment until paid. (Judgment, ¶¶ 5-6.)

34.     The State Court also awarded Jet Source prejudgment interest, as a matter of right under section 3287(a) of the California Civil Code, in the following amounts: $252,397.46 on the breach of contract cause of action (against Mach I and Mach I Aircraft); $1,256,145.92 on the breach of fiduciary duty, fraud, and negligent misrepresentation causes of action (against all the Mach I Defendants); and $4,897.40 on the conversion cause of action (against all the Mach I Defendants).

## D.     The Mach I Defendants' Bankruptcy Cases

35.     Commencing two days after the Jury returned the Original Verdict on February 17, 2004, all the Mach I Defendants filed bankruptcy cases within a few days of each other – on February 19 through 21, 2004 – in an orchestrated effort to thwart the State Court Action and to further hinder, delay, or defraud Jet Source in its efforts to collect on its impending Judgment.

36.     The Mach I Defendants' four related bankruptcy cases are: (a) In re Brian J. Doherty, Bankruptcy Case No. 04-01573-JH; (b) In re John P. Mouyos, Bankruptcy Case No. 04-1503-JH; (c) In re Mach I Aircraft, Inc., Bankruptcy Case No. 04-1574-JM; and (d) In re Mach I, Inc., Bankruptcy Case No. 04-1585-JM. Each of the bankrupt debtors is a defendant and judgment debtor in the State Court Action.

Rutan & Tucker LLP
attorneys at law

2149/021736-0005
682375.02 a02/15/06

-6-

Complaint for Avoidance and Recovery of
Fraudulent Transfers, Avoidance and Recovery
of Preferences, Declaratory Relief, Etc.

1    37.    On February 20, 2004 (the "Petition Date"), Brian Doherty commenced this

2    bankruptcy case by filing a voluntary petition under chapter 11 of title 11 of the United

3    States Code, 11 U.S.C. §§ 101, et seq., as amended (the "Bankruptcy Code"). Brian

4    Doherty filed his bankruptcy case in bad faith to frustrate and impede the State Court

5    Action, to hinder and delay the pending jury trial, to thwart Jet Source's efforts to obtain

6    an award of punitive damages, and to impede Jet Source's ability to have final judgment

7    entered against him and to collect on its impending Judgment.

8    38.    Upon the filing of the related bankruptcy cases, Jet Source moved for, and

9    the Court granted, relief from the automatic stay on an emergency basis in each of the

10    Mach I Defendants' cases to permit the State Court to conclude the trial and enter the

11    Judgment and the Interest Ruling against the Mach I Defendants.

12    39.    On or about April 21, 2004, Jet Source filed an adversary proceeding against

13    Brian Doherty, seeking to have the Court determine that its Judgment against him is

14    nondischargeable, Adversary Proceeding No. 04-90130-JHAD.

15    40.    On or about February 3, 2005, the Court entered in Jet Source's favor an

16    "Order Granting in Part Plaintiff Jet Source Charter, Inc.'s Motion for Summary

17    Judgment" and a "Judgment of Nondischargeability of Debt," whereby the Court

18    determined that Jet Source's Judgment against Brian Doherty is nondischargeable in the

19    amount of $16,486,696.19 plus post judgment interest at the rate of 10% per annum.

20    41.    Given the nondischargeable nature of Brian Doherty's debt to Jet Source,

21    there is no legitimate purpose for his bankruptcy filing.

22    **E.    Brian Doherty's Fraudulent Transfers and/or Preferences to Victoria Doherty**

23    42.    Plaintiff is informed and believes, and on that basis alleges, that within the

24    four years before the Petition Date, Brian Doherty transferred or caused others to transfer

25    to Victoria Doherty money and property owned or controlled by Brian Doherty or in which

26    he had an interest. The transfers were made after Brian Doherty became indebted to Jet

27    Source as a result of his fraudulent and tortious actions, and many of the transfers occurred

28    / / /

Rutan & Tucker LLP
attorneys at law

2149/021736-0005
682375.02 a02/15/06                    -7-

Complaint for Avoidance and Recovery of
Fraudulent Transfers, Avoidance and Recovery
of Preferences, Declaratory Relief, Etc.

1  after Jet Source initiated the State Court Action on August 6, 2001. The transfers were

2  part of an ongoing scheme by Brian Doherty to hinder, delay, and defraud his creditors.

3  **Money Transfers**

4      43.    Plaintiff is informed and believes, and based thereon alleges, that Brian

5  Doherty transferred or caused others to transfer to Victoria Doherty hundreds of thousands

6  of dollars by check and/or wire transfer drawn from domestic and/or foreign bank

7  accounts, financial accounts, and/or trust accounts, and that Victoria Doherty knowingly

8  and willfully accepted such money transfers, as part of a scheme or artifice to defraud

9  and/or to obtain preferences to the detriment of Jet Source and Brian Doherty's other

10  creditors.

11      44.    For example, Plaintiff is informed and believes, and based thereon alleges,

12  that Brian Doherty made the following wire transfers or caused others to make the

13  following wire transfers, among others, to one or more of Victoria Doherty's accounts at

14  Delta Employees Federal Credit Union: $15,000.00 on or about February 25, 2003;

15  $49,982.00 on or about February 27, 2003; $25,000 on or about April 7, 2003;

16  $195,000.00 on or about April 17, 2003; $40,000.00 on or about July 28, 2003;

17  $100,000.00 on or about July 31, 2003; $37,500.00 on or about October 1, 2003;

18  $17,097.81 on or about October 3, 2003; and $200,000.00 on or about December 3, 2003.

19      45.    Plaintiff is informed and believes, and based thereon alleges, that Brian

20  Doherty made or caused others to make numerous other transfers of money to Victoria

21  Doherty. Brian Doherty also might have made transfers of which Jet Source is not

22  currently aware, but that may be exposed through discovery in this action. The total dollar

23  amount of the wire transfers in 2003 appears to be in excess of $675,000. The total dollar

24  amount of the transfers subject to avoidance and recovery will be proven at trial.

25      46.    Plaintiff is informed and believes, and on that basis alleges, with respect to

26  the wire transfer on or about July 31, 2003, Brian Doherty caused the Swiss law firm of

27  Froriep Renggli to transfer $100,000 from an attorney trust account to one of Victoria

28  Doherty's accounts at Delta Employees Federal Credit Union.

Rutan & Tucker LLP
attorneys at law

2149/021736-0005
682375.02 a02/15/06

-8-

Complaint for Avoidance and Recovery of
Fraudulent Transfers, Avoidance and Recovery
of Preferences, Declaratory Relief, Etc.

1    47.    Brian Doherty, in an effort to conceal his transfers and the existence of the

2    attorney trust account in Switzerland, went so far as to commit perjury, in violation of

3    section 118(a) of the California Penal Code.  On February 27, 2004, during Brian

4    Doherty's net worth deposition in the State Court Action, he specifically denied having

5    any interest in any bank accounts, financial accounts, foreign currency accounts, other

6    accounts, monies, or assets in Europe, including Switzerland.

7    48.    In addition, Brian Doherty did not list any foreign bank accounts, financial

8    accounts, currency accounts, or trust accounts in his bankruptcy schedules.

9    49.    But when questioned by the staff attorney for the United States Trustee

10    during his initial meeting of creditors held under section 341(a) of the Bankruptcy Code on

11    March 30, 2004, Brian Doherty finally admitted and revealed, contrary to his prior

12    perjured testimony, that he had money in a trust account in Switzerland on the Petition

13    Date.

14    50.    Brian Doherty's alleged purpose for transferring money to Victoria Doherty

15    was so she could pay his portion of their bills.  The true purpose, however, was to attempt

16    to further defraud Jet Source and hinder, delay, and defraud Jet Source and Brian

17    Doherty's other creditors in the collection of their claims.

18    **Real Property Transfers**

19    51.    On or about March 13, 2000, Brian Doherty and Victoria Doherty purchased

20    their current residence, located at 3192 Caminita Cortina, Fallbrook, California 92028.

21    They took title to the residence as "husband and wife as community property."

22    52.    Concurrently with taking title to their residence as community property,

23    Brian Doherty and Victoria Doherty executed a series of quitclaim deeds transferring their

24    community property interests to each other, attempting to create undivided 50% interests

25    for each of them as their sole and separate property.

26    53.    Brian Doherty's alleged purpose for this series of transfers was to observe

27    the terms of a purported premarital agreement.  The true purpose, however, was to attempt

28    / / /

Rutan & Tucker LLP
attorneys at law

2149/021736-0005
682375.02 a02/15/06                                    -9-    Complaint for Avoidance and Recovery of
Fraudulent Transfers, Avoidance and Recovery
of Preferences, Declaratory Relief, Etc.

1 to further defraud Jet Source and hinder, delay, and defraud Jet Source and Brian

2 Doherty's other creditors in the collection of their claims.

3       54.      Plaintiff is informed and believes, and based thereon alleges, that Brian

4 Doherty contributed more than 50% of the purchase price, has contributed and continues to

5 contribute more than 50% of the mortgage payments and other expenses for the residence,

6 and that Brian Doherty and Victoria Doherty are both obligated, jointly and severally, to

7 pay the full amount of their mortgage loan, instead of each of them being obligated for

8 50% of the loan, thus contradicting Brian Doherty's assertion of and reliance upon a

9 purported premarital agreement.

10      **Main Street Auto Body**

11      55.      Plaintiff is informed and believes, and based thereon alleges, that Brian

12 Doherty and/or Victoria Doherty previously owned a business known as Main Street Auto

13 Body, located at 200 North Main, Fallbrook, California.

14      56.      Plaintiff is informed and believes, and based thereon alleges, that Brian

15 Doherty concealed his interest in Main Street Auto Body, and that Victoria Doherty helped

16 him to conceal his interest, by creating the illusion that the interest in the business was

17 owed exclusively by Victoria Doherty.

18      57.      Plaintiff is informed and believes, and based thereon alleges, that Brian

19 Doherty conducted an automobile restoration business from the premises and filtered all

20 income and expenses through Victoria Doherty so he could conceal his interest in Main

21 Street Auto Body.

22      58.      Alternatively, Plaintiff is informed and believes, and based thereon alleges,

23 that Main Street Auto Body was owned by Victoria Doherty and not by Brian Doherty, but

24 that Brian Doherty transferred money and property to, and paid the obligations and

25 expenses of, Main Street Auto Body in an effort to conceal his money and assets and

26 without receiving reasonably equivalent value in exchange.

27 / / /

28 / / /

Rutan & Tucker LLP
attorneys at law

2149/021736-0005
682375.02 a02/15/06

-10-

Complaint for Avoidance and Recovery of
Fraudulent Transfers, Avoidance and Recovery
of Preferences, Declaratory Relief, Etc.

59.    Plaintiff is informed and believes, and based thereon alleges, that on or about June 15, 1998, Victoria Doherty acquired a 51% interest in the real property located at 200 North Main, Fallbrook, California.

60.    Plaintiff is informed and believes, and based thereon alleges, that on or about June 19, 1998, Victoria Doherty signed a deed of trust and assignment of rents in connection with a $450,000 loan secured by the real property located at 200 North Main, Fallbrook, California.

61.    Plaintiff is informed and believes, and based thereon alleges, that Brian Doherty contributed more than 50% of the purchase price and more than 50% of the mortgage payments and other expenses for Victoria Doherty's interest in the real property located at 200 North Main, Fallbrook, California.

62.    Plaintiff is informed and believes, and based thereon alleges, that in or about late 1999, Main Street Auto Body ceased doing business.

63.    Plaintiff is informed and believes, and based thereon alleges, that on or about December 2, 1999, Brian Doherty entered into an agreement with his brother David Doherty, whereby they agreed that David Doherty would complete all unfinished projects and close all outstanding obligations and accounts payable of Main Street Auto Body, and that any expenses incurred in completing the projects and closing the obligations and accounts payable would be paid by Brian Doherty on behalf of Victoria Doherty and Main Street Auto Body.

64.    Plaintiff is informed and believes, and on that basis alleges, that Brian Doherty paid Victoria Doherty's expenses and obligations, and paid more than 50% of Main Street Auto Body's expenses and obligations, during the four years before the Petition Date.

65.    By reason of transfers and obligations identified above and others that may be exposed through discovery in this action, Plaintiff has been damaged because there are insufficient assets or funds remaining in Brian Doherty's possession to satisfy unpaid claims, including but not limited to, Plaintiff's claims.

Rutan & Tucker LLP
attorneys at law

2149/021736-0005
682375.02 a02/15/06

-11-

Complaint for Avoidance and Recovery of
Fraudulent Transfers, Avoidance and Recovery
of Preferences, Declaratory Relief, Etc.

1    66.    The remedies requested in this Complaint are necessary to prevent the

2   further transfer and/or dissipation of Defendants' assets and to provide a source of

3   repayment to be applied to Jet Source's claims and Judgment, and the claims of Brian

4   Doherty's other creditors.

5                              **FIRST CLAIM FOR RELIEF**

6                   **AVOIDANCE OF FRAUDULENT TRANSFERS**

7                       **UNDER THE BANKRUPTCY CODE**

8                   (11 U.S.C. § 548(a)(1) – Against All Defendants)

9    67.    By this reference Plaintiff incorporates herein in their entirety paragraphs 1

10  through 66 of this Complaint as though set forth in full.

11   68.    Brian Doherty voluntarily or involuntarily made each of the transfers and

12  incurred each of the obligations identified above, and other transfers and obligations that

13  may be exposed through discovery in this action, with actual intent to hinder, delay, or

14  defraud his creditors in collection of their claims.

15   69.    Brian Doherty was indebted to Plaintiff or became indebted to Plaintiff on or

16  after the date that he made each of the transfers and incurred each of the obligations

17  identified above and others that may be exposed through discovery in this action.

18   70.    Brian Doherty voluntarily or involuntarily received less than reasonably

19  equivalent value, if any value was received at all, in exchange for the transfers and

20  obligations identified above and others that may be exposed through discovery in this

21  action.

22   71.    Each of the transfers and obligations identified above and others that may be

23  exposed through discovery in this action, were made at a time when Brian Doherty:

24        (a)    was insolvent on the date that such transfers were made or such

25           obligations were incurred, or became insolvent as a result of the transfers and

26           obligations;

27  / / /

28  / / /

Rutan & Tucker LLP
attorneys at law

2149/021736-0005
682375.02 a02/15/06                                    -12-

Complaint for Avoidance and Recovery of
Fraudulent Transfers, Avoidance and Recovery
of Preferences, Declaratory Relief, Etc.

(b)     was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with him was an unreasonably small capital; or

(c)     intended to incur, or believed that he would incur, debts that would be beyond his ability to pay as such debts matured.

72.     By virtue of the Court's order entered June 21, 2004, as referenced in Paragraph 5 above, Plaintiff is authorized to avoid the transfers and obligations referenced herein and others that may be exposed through discovery in this action.

73.     Plaintiff is entitled to avoid, on its own behalf and on behalf of all of Brian Doherty's other creditors, each and all of the transfers and obligations as fraudulent, and each of them should be set aside, annulled, and declared void to the extent necessary to satisfy the claims of Brian Doherty's creditors.

74.     Jet Source and Brian Doherty's other creditors will suffer irreparable injury unless the Court issues a restraining order, a protective order, and/or an injunction enjoining Defendants, and each of them, and those acting on their behalf or in participation and concert with them:  (a) prohibiting Defendants from disposing, transferring, hypothecating, encumbering, or selling any of the transferred funds, property, and/or the proceeds and income thereof; (b) barring Defendants from disposing, transferring, hypothecating, encumbering, or selling any funds, property, and/or the proceeds and income thereof of their owned or affiliated companies or business entities; (c) requiring Defendants to turn over to Plaintiff or the Court all monies and property involved in the transfers which are the subject of this Complaint; and (d) ordering Defendants, and each of them, to transfer any and all proceeds and income of the transferred funds and property to be deposited in Court or otherwise held in a trust account under the control of the Court, pending satisfaction of Plaintiff's and other creditors' claims.

75.     In the event that assets have been disposed of, transferred, hypothecated, encumbered, or sold, and as a result of said disposal, transfer, hypothecation, encumbrance, or sale, Plaintiff's claims and the claims of Brian Doherty's other creditors

Rutan & Tucker LLP
attorneys at law

Complaint for Avoidance and Recovery of
Fraudulent Transfers, Avoidance and Recovery
of Preferences, Declaratory Relief, Etc.

1 | cannot be satisfied, Plaintiff requests an award of damages against Defendants, and each of

2 | them, subject to proof at the time of trial.

3 |      76.    Under the circumstances set forth in this Complaint, Plaintiff further requests

4 | that a temporary protective order, right to attach order, and writ of attachment be issued

5 | and Plaintiff be permitted to attach each of the transferred funds and property, proceeds

6 | and income thereof, and any other assets or property of Defendants, which attachment is to

7 | remain in place to the extent necessary to permit the satisfaction of Plaintiff's and other

8 | creditors' claims.

9 |      77.    As a proximate result of the wrongful acts and omissions herein alleged,

10 | Plaintiff and other creditors have been damaged, in an amount presently unascertained, and

11 | the precise sum will be set forth at the time of trial. The amount includes, but is not

12 | limited to, the sum that Plaintiff and other creditors will be unable to collect because of the

13 | wrongful acts and omissions by Defendants herein alleged.

14 |      78.    At the time of the transfers and obligations identified above, Defendants, and

15 | each of them, were aware of and had specific knowledge regarding the existence of the

16 | State Court Action and the facts underlying the disputes between Jet Source and the Mach

17 | I Defendants. Notwithstanding this awareness and knowledge, Defendants, and each of

18 | them, agreed and knowingly and willfully conspired between themselves to hinder, delay,

19 | and defraud Jet Source and Brian Doherty's other creditors in the collection of their

20 | claims, and did so with a lack of good faith, by, among other things, transferring and/or

21 | accepting transfers of money and property from Brian Doherty and each other without

22 | giving reasonably equivalent value in exchange for the transfers, and then actively

23 | concealing the transfers.

24 |      79.    Defendants, and each of them, acted intentionally, willfully, fraudulently,

25 | and maliciously, with the specific intent to defraud and oppress Plaintiff and other

26 | creditors, and as a result, they are liable for punitive damages in addition to any

27 | compensatory award.

28 | / / /

Rutan & Tucker LLP
attorneys at law

2149/021736-0005
682375.02 a02/15/06

-14-

Complaint for Avoidance and Recovery of
Fraudulent Transfers, Avoidance and Recovery
of Preferences, Declaratory Relief, Etc.

## SECOND CLAIM FOR RELIEF

## AVOIDANCE OF FRAUDULENT TRANSFERS

## UNDER THE UNIFORM FRAUDULENT TRANSFER ACT

(11 U.S.C. § 544(b); Cal. Civ. Code §§ 3439.04, 3439.05,

3439.07, and 3439.08 – Against All Defendants)

80.     By this reference Plaintiff incorporates herein in their entirety paragraphs 1 through 79 of this Complaint as though set forth in full.

81.     Plaintiff Jet Source is a creditor holding an unsecured claim that is allowable under section 502 of the Bankruptcy Code, and Jet Source may bring this action independently against Defendants under the Uniform Fraudulent Transfer Act, Cal. Civ. Code §§ 3439, et seq.

82.     Plaintiff brings this action within four years after Brian Doherty made or incurred each of the transfers and obligations identified above and others that may be exposed through discovery in this action, or if later, within one year after the transfers were or reasonably could have been discovered by Plaintiff.

83.     Brian Doherty made each of the transfers and incurred each of the obligations identified above, and other transfers and obligations that may be exposed through discovery in this action, with actual intent to hinder, delay, or defraud his creditors in collection of their claims.

84.     Brian Doherty made each of the transfers and incurred each of the obligations identified above and others that may be exposed through discovery in this action, without receiving reasonably equivalent value in exchange for the transfers and obligations, if any value was received at all, and he made the transfers and incurred the obligations at a time when he:

(a)     was engaged or was about to engage in a business or a transaction for which his remaining assets were unreasonably small in relation to the business or transaction; or

/ / /

Rutan & Tucker LLP
attorneys at law

2149/021736-0005
682375.02 a02/15/06                                    -15-

Complaint for Avoidance and Recovery of
Fraudulent Transfers, Avoidance and Recovery
of Preferences, Declaratory Relief, Etc.

1          (b)    intended to incur, or believed or reasonably should have believed that

2     he would incur, debts beyond his ability to pay as they became due.

3          85.    Brian Doherty made each of the transfers and incurred each of the

4     obligations identified above and others that may be exposed through discovery in this

5     action, without receiving reasonably equivalent value in exchange for the transfers and

6     obligations, if any value was received at all, and Brian Doherty was insolvent at that the

7     time he made the transfers or he became insolvent as a result of the transfers.

8          86.    By virtue of the Court's order entered June 21, 2004, as referenced in

9     Paragraph 5 above, Plaintiff is authorized to avoid the transfers and obligations referenced

10    herein and others that may be exposed through discovery in this action.

11         87.    Plaintiff is entitled to avoid, on its own behalf and on behalf of all of Brian

12    Doherty's other creditors, each and all of the transfers and obligations as fraudulent, and

13    each of them should be set aside, annulled, and declared void to the extent necessary to

14    satisfy the claims of Brian Doherty's creditors.

15         88.    Jet Source and Brian Doherty's other creditors will suffer irreparable injury

16    unless the Court issues a restraining order, a protective order, and/or an injunction

17    enjoining Defendants, and each of them, and those acting on their behalf or in participation

18    and concert with them:  (a) prohibiting Defendants from disposing, transferring,

19    hypothecating, encumbering, or selling any of the transferred funds, property, and/or the

20    proceeds and income thereof; (b) barring Defendants from disposing, transferring,

21    hypothecating, encumbering, or selling any funds, property, and/or the proceeds and

22    income thereof of their owned or affiliated companies or business entities; (c) requiring

23    Defendants to turn over to Plaintiff or the Court all monies and property involved in the

24    transfers which are the subject of this Complaint; and (d) ordering Defendants, and each of

25    them, to transfer any and all proceeds and income of the transferred funds and property to

26    be deposited in Court or otherwise held in a trust account under the control of the Court,

27    pending satisfaction of Plaintiff's and other creditors' claims.

28    / / /

Rutan & Tucker LLP
attorneys at law

2149/021736-0005
682375.02 a02/15/06                    -16-

Complaint for Avoidance and Recovery of
Fraudulent Transfers, Avoidance and Recovery
of Preferences, Declaratory Relief, Etc.

89.     In the event that assets have been disposed of, transferred, hypothecated, encumbered, or sold, and as a result of said disposal, transfer, hypothecation, encumbrance, or sale, Plaintiff's claims and the claims of Brian Doherty's other creditors cannot be satisfied, Plaintiff requests an award of damages against Defendants, and each of them, subject to proof at the time of trial.

90.     Under the circumstances set forth in this Complaint, Plaintiff further requests that a temporary protective order, right to attach order, and writ of attachment be issued and Plaintiff be permitted to attach each of the transferred funds and property, proceeds and income thereof, and any other assets or property of Defendants, which attachment is to remain in place to the extent necessary to permit the satisfaction of Plaintiff's and other creditors' claims.

91.     As a proximate result of the wrongful acts and omissions herein alleged, Plaintiff and other creditors have been damaged, in an amount presently unascertained, and the precise sum will be set forth at the time of trial.  The amount includes, but is not limited to, the sum that Plaintiff and other creditors will be unable to collect because of the wrongful acts and omissions by Defendants herein alleged.

92.     At the time of the transfers and obligations identified above, Defendants, and each of them, were aware of and had specific knowledge regarding the existence of the State Court Action and the facts underlying the disputes between Jet Source and the Mach I Defendants.  Notwithstanding this awareness and knowledge, Defendants, and each of them, agreed and knowingly and willfully conspired between themselves to hinder, delay, and defraud Jet Source and Brian Doherty's other creditors in the collection of their claims, and did so with a lack of good faith, by, among other things, transferring and/or accepting transfers of money and property from Brian Doherty and each other without giving reasonably equivalent value in exchange for the transfers, and then actively concealing the transfers.

93.     Defendants, and each of them, acted intentionally, willfully, fraudulently, and maliciously, with the specific intent to defraud and oppress Plaintiff and other

Rutan & Tucker LLP
attorneys at law

2149/021736-0005
682375.02 a02/15/06                                    -17-

Complaint for Avoidance and Recovery of
Fraudulent Transfers, Avoidance and Recovery
of Preferences, Declaratory Relief, Etc.

1 creditors, and as a result, they are liable for punitive damages in addition to any
2 compensatory award.

### THIRD CLAIM FOR RELIEF

### AVOIDANCE OF PREFERENCES

### UNDER THE BANKRUPTCY CODE

(11 U.S.C. § 547(b) – Against Victoria Doherty and DOE Defendants)

94.     By this reference Plaintiff incorporates herein in their entirety paragraphs 1
through 93 of this Complaint as though set forth in full.

95.     On or within one year before the Petition Date, Brian Doherty transferred
money, property, and other assets in which he had an interest, to or for the benefit of
Victoria Doherty and/or DOE defendants.  The precise aggregate amount of the transfers is
not currently known by Plaintiff but will be ascertained through discovery in this action.

96.     Victoria Doherty was an insider of Brian Doherty at the time of each of the
transfers identified above and others that may be exposed through discovery in this action.

97.     Victoria Doherty and/or DOE defendants was/were Brian Doherty's
creditor(s) at the time of each of the transfers identified above and others that may be
exposed through discovery in this action.

98.     Each of the transfers identified above and others that may be exposed
through discovery in this action, were:

(1)     made to or for the benefit of Victoria Doherty and/or DOE
defendants;

(2)     made for or on account of an antecedent debt owed by Brian Doherty
before the transfer was made;

(3)     made while the Brian Doherty was insolvent;

(4)     made (a) on or within 90 days before the Petition Date, or (b) within
one year before the Petition Date, if the creditor was an insider at the time of
the transfer; and

/ / /

Rutan & Tucker LLP
attorneys at law

2149/021736-0005
682375.02 a02/15/06                    -18-

Complaint for Avoidance and Recovery of
Fraudulent Transfers, Avoidance and Recovery
of Preferences, Declaratory Relief, Etc.

(5)     enabled Victoria Doherty and/or DOE defendants to receive more than she/they would receive if –

    (A)     Brian Doherty's bankruptcy case were a case under chapter 7 of the Bankruptcy Code;

    (B)     the transfer had not been made; and

    (C)     Victoria Doherty and/or DOE defendants received payment of the debt to the extent provided by the provisions of the Bankruptcy Code.

99.     Each of the transfers identified above and others that may be exposed through discovery in this action constitutes an avoidable preference within the meaning of 11 U.S.C. § 547.

100.     By virtue of the Court's order entered June 21, 2004, as referenced in Paragraph 5 above, Plaintiff is authorized to avoid the transfers and obligations referenced herein and others that may be exposed through discovery in this action.

101.     Plaintiff is entitled to avoid, on its own behalf and on behalf of all of Brian Doherty's other creditors, each and all of the transfers and obligations as preferences, and each of them should be set aside, annulled, and declared void to the extent necessary to satisfy the claims of Brian Doherty's creditors.

## FOURTH CLAIM FOR RELIEF

## RECOVERY OF FRAUDULENT TRANSFERS AND PREFERENCES

## UNDER THE BANKRUPTCY CODE

(11 U.S.C. § 550(a) – Against All Defendants)

102.     By this reference Plaintiff incorporates herein in their entirety paragraphs 1 through 101 of this Complaint as though set forth in full.

103.     By virtue of the Court's order entered June 21, 2004, as referenced in Paragraph 5 above, Plaintiff is authorized to recover, for the benefit of Brian Doherty's bankruptcy estate and creditors, the money and property transferred, or, if the Court so orders, the value of such money and property from:

/ / /

Rutan & Tucker LLP
attorneys at law

2149/021736-0005
682375.02 a02/15/06

-19-

Complaint for Avoidance and Recovery of
Fraudulent Transfers, Avoidance and Recovery
of Preferences, Declaratory Relief, Etc.

1         (a)    the initial transferee of such transfers or the entity for whose benefit

2 such transfers were made; or

3         (b)    any immediate or mediate transferees of such initial transferees.

4     104.    Plaintiff is entitled to recover, on its own behalf and on behalf of all of Brian

5 Doherty's other creditors, each and all of the transfers and obligations as fraudulent

6 transfers and/or preferences, and each of them should be set aside, annulled, and declared

7 void to the extent necessary to satisfy the claims of Brian Doherty's creditors.

8 **FIFTH CLAIM FOR RELIEF**

9 **RECOVERY OF FRAUDULENT TRANSFERS**

10 **UNDER THE UNIFORM FRAUDULENT TRANSFER ACT**

11 (11 U.S.C. § 544(b); Cal. Civ. Code §§ 3439.07,

12 and 3439.08 – Against All Defendants)

13     105.    By this reference Plaintiff incorporates herein in their entirety paragraphs 1

14 through 104 of this Complaint as though set forth in full.

15     106.    By virtue of the Court's order entered June 21, 2004, as referenced in

16 Paragraph 5 above, Plaintiff is entitled to recover, for the benefit of Brian Doherty's

17 bankruptcy estate and creditors, the value of the money and property transferred, or the

18 amount necessary to satisfy the claims of Plaintiff and Brian Doherty's other creditors,

19 against:

20         (a)    the first transferee of the money and property or the person for whose

21 benefit the transfers were made; or

22         (b)    any subsequent transferee.

23     107.    Plaintiff is entitled to recover, on its own behalf and on behalf of all of Brian

24 Doherty's other creditors, each and all of the transfers and obligations as fraudulent

25 transfers, and each of them should be set aside, annulled, and declared void to the extent

26 necessary to satisfy the claims of Brian Doherty's creditors.

27 / / /

28 / / /

Rutan & Tucker LLP
attorneys at law

Complaint for Avoidance and Recovery of
Fraudulent Transfers, Avoidance and Recovery
of Preferences, Declaratory Relief, Etc.

## SIXTH CLAIM FOR RELIEF

## DECLARATORY RELIEF

(Against All Defendants)

108.   By this reference Plaintiff incorporates herein in their entirety paragraphs 1 through 107 of this Complaint as though set forth in full.

109.   An actual controversy has arisen and now exists between Plaintiff and Defendants concerning the characterization and nature of Defendants' property.

110.   Plaintiff is informed and believes, and based thereon alleges, that all of Brian Doherty's and Victoria Doherty's money, real property, personal property, assets, and all proceeds and/or income thereof are community property, and therefore, to the extent they are within the definition of "property of the estate" under 11 U.S.C. § 541(a), they are entirely property of Brian Doherty's bankruptcy estate.

111.   Brian Doherty and Victoria Doherty assert that they each own their respective interests in their money, real property, personal property, assets, and all proceeds and/or income thereof as each of their sole and separate property as the result of a purported premarital agreement.

112.   Plaintiff is informed and believes, and based thereon alleges, that Brian Doherty and Victoria Doherty have not observed or complied with the terms of their alleged premarital agreement, have not kept and maintained their money and property as sole and separate property, and have commingled their funds and other assets, so as to render all of their assets community property.

113.   Plaintiff requests a judicial determination, decree, and declaration that all of Brian Doherty's and Victoria Doherty's money, real property, personal property, assets, and all proceeds and/or income thereof are community property, and therefore, to the extent they are within the definition of "property of the estate" under 11 U.S.C. § 541(a)(2), they are entirely property of Brian Doherty's bankruptcy estate.

/ / /

/ / /

Rutan & Tucker LLP
attorneys at law

2149/021736-0005
682375.02 a02/15/06                          -21-

Complaint for Avoidance and Recovery of
Fraudulent Transfers, Avoidance and Recovery
of Preferences, Declaratory Relief, Etc.

1

## SEVENTH CLAIM FOR RELIEF

## CONSTRUCTIVE TRUST

### (Against All Defendants)

114.    Plaintiff realleges and incorporates by reference each and every allegation of paragraphs 1 through 113 as though set forth in full herein.

115.    Plaintiff is informed and believes, and based thereon alleges, that Defendants have transferred, received, and/or concealed substantial amounts of money and property through Brian Doherty's fraudulent transfers and through their unlawful, wrongful, and unfair conduct, at the expense and to the detriment of Plaintiff and Brian Doherty's other creditors, and that some or all of the transferred money and property is rightfully due to Brian Doherty's bankruptcy estate for the benefit of Plaintiff and Brian Doherty's other creditors.

116.    Based on Defendants' misconduct as alleged herein and their transfer, receipt, and/or concealment of money and property, Defendants have become involuntary trustees over said money and property, in a constructive trust for the benefit of Brian Doherty's bankruptcy estate and creditors, with a duty to convey the money and property to Plaintiff forthwith for the benefit of Brian Doherty's bankruptcy estate and creditors.

117.    Under the circumstances set forth in this Complaint, Plaintiff therefore requests that a constructive trust and/or equitable lien be imposed on each of Defendants' assets, the transferred funds, property, and/or the proceeds and income thereof, which trust or lien is to remain in place to the extent necessary to satisfy the claims of Brian Doherty's creditors.

## EIGHTH CLAIM FOR RELIEF

## ACCOUNTING

### (Against All Defendants)

118.    Plaintiff realleges and incorporates by reference each and every allegation of paragraphs 1 through 117 as though set forth in full herein.

/ / /

Rutan & Tucker LLP
attorneys at law

2149/021736-0005
682375.02 a02/15/06

-22-

Complaint for Avoidance and Recovery of
Fraudulent Transfers, Avoidance and Recovery
of Preferences, Declaratory Relief, Etc.

119.    Plaintiff is informed and believes, and based thereon alleges, that Defendants have transferred, received, and/or concealed substantial amounts of money and property through Brian Doherty's fraudulent transfers and through their unlawful, wrongful, and unfair conduct, at the expense and to the detriment of Plaintiff and Brian Doherty's other creditors, and that some or all of the transferred money and property is rightfully due to Brian Doherty's bankruptcy estate for the benefit of Plaintiff and Brian Doherty's other creditors.

120.    The amount of money, property, proceeds, and income due from Defendants to Plaintiff and Brian Doherty's other creditors is unknown to Plaintiff and cannot be precisely ascertained without an accounting of the transfers and/or the proceeds and income thereof that Defendants obtained through their unlawful, wrongful, and unfair conduct as alleged herein.

121.    Plaintiff is entitled to an accounting from Defendants setting forth specific, accurate, and complete details and information regarding all funds, property, and other assets transferred by or received from Brian Doherty or to which Brian Doherty was entitled and that he voluntarily or involuntarily transferred and/or caused to be transferred, and tracing Defendants' use and disposition of these funds, property, and other assets, including all proceeds, profits, and income thereof, and all of Defendants' transactions with respect to their financial condition.  Plaintiff is further entitled to an Order compelling Defendants to disclose all such details and information.

## RESERVATION OF RIGHTS

### (Against All Defendants)

122.    Plaintiff served Victoria Doherty on January 6, 2006, with a court-ordered, validly-issued "Subpoena for Rule 2004 Examination," including numerous requests for production of documents.  The Rule 2004 examination was scheduled for February 7, 2006 at 9:00 a.m.  Victoria Doherty failed and refused to appear for her Rule 2004 Examination.

123.    Given the impending deadline to file complaints for avoidance and recovery of fraudulent transfers and preferences, and Victoria Doherty's refusal and failure to

Rutan & Tucker LLP
attorneys at law

2149/021736-0005
682375.02 a02/15/06

-23-

Complaint for Avoidance and Recovery of
Fraudulent Transfers, Avoidance and Recovery
of Preferences, Declaratory Relief, Etc.

1  appear for her Rule 2004 examination, Plaintiff was compelled to file this Complaint

2  without conducting the examination.

3        124.  Plaintiff reserves all rights, including but not limited to, the rights to depose

4  Victoria Doherty, examine and photocopy documents, and take all other forms discovery

5  permitted under the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil

6  Procedure.

7        125.  Plaintiff further reserves the right to amend, modify, or supplement this

8  Complaint, and to bring any and all other claims for relief that Plaintiff might have against

9  Defendants in law or equity, on any and all grounds, for any reason, at any time and from

10  time to time, and in any respect, including, without limitation, for purposes of

11  recharacterizing in any manner the claims set forth herein, reflecting any additional

12  amounts owing by Defendants, and including herein further relevant evidence, facts, and

13  information.

14  **PRAYER FOR RELIEF**

15        WHEREFORE, Jet Source prays that the Bankruptcy Court enter judgment and any

16  appropriate orders in its favor and against Defendants as follows:

17  **ON THE FIRST AND SECOND CLAIMS FOR RELIEF**

18        1.  Setting aside, annulling, declaring void, and avoiding each of Defendants'

19  fraudulent transfers identified above, and other fraudulent transfers which may be exposed

20  through discovery in this action, all of which will be proven at the time of trial;

21        2.  For general and special damages against Defendants, and each of them, in an

22  amount to be proven at the time of trial;

23        3.  For punitive or exemplary damages against Defendants, and each of them, in

24  an amount sufficient to punish and make an example of Defendants, which must be in a

25  amount sufficient to satisfy Jet Source's Judgment against Brian Doherty, together with

26  interest and costs, and the claims of Brian Doherty's other creditors;

27        4.  For a temporary protective order, right to attach order, and writ of attachment

28  permitting Plaintiff to attach each of the transferred funds and property, proceeds and

Rutan & Tucker LLP
attorneys at law

2149/021736-0005
682375.02 a02/15/06

-24-

Complaint for Avoidance and Recovery of
Fraudulent Transfers, Avoidance and Recovery
of Preferences, Declaratory Relief, Etc.

**ON THE SIXTH CLAIM FOR RELIEF**

8.    For a judicial determination, decree, and declaration that all of Brian Doherty's and Victoria Doherty's money, real property, personal property, assets, and all proceeds and/or income thereof are community property, and therefore, to the extent they are within the definition of "property of the estate" under 11 U.S.C. § 541(a)(2), they are entirely property of Brian Doherty's bankruptcy estate.

**ON THE SEVENTH CLAIM FOR RELIEF**

9.    Imposing a constructive trust and/or equitable lien on each of Defendants' assets, the transferred funds, property, and/or the proceeds and income thereof, which trust or lien is to remain in place to the extent necessary to satisfy Jet Source's claims and the claims of Brian Doherty's other creditors.

**ON THE EIGHTH CLAIM FOR RELIEF**

10.    Directing an accounting from Defendants setting forth specific, accurate, and complete details and information regarding all funds, property, and other assets transferred by or received from Brian Doherty or to which Brian Doherty was entitled and that he voluntarily or involuntarily transferred and/or caused to be transferred, and tracing Defendants' use and disposition of these funds, property, and other assets, including all proceeds, profits, and income thereof, and all of Defendants' transactions with respect to their financial condition; and

11.    Compelling Defendants to disclose all such details and information.

**ON ALL CLAIMS FOR RELIEF**

12.    For costs of suit incurred herein.

13.    For attorneys' fees to the fullest extent allowed by applicable law.

14.    For prejudgment interest on all damages at the maximum legal rate from the date first incurred until judgment.

15.    For postjudgment interest on all damages at the maximum legal rate from the date of judgment until paid.

/ / /

Rutan & Tucker LLP
attorneys at law

2149/021736-0005
682375.02 a02/15/06                    -26-

Complaint for Avoidance and Recovery of
Fraudulent Transfers, Avoidance and Recovery
of Preferences, Declaratory Relief, Etc.

1    16.    For such other and further relief as is appropriate, just, and equitable under

2  the circumstances of this case.

3  Dated:  February 15, 2005                    RICHARD K. HOWELL
                                                 ROGER F. FRIEDMAN
4                                                RUTAN & TUCKER, LLP

5                                                By: _____

6                                                    Roger F. Friedman
                                                     Attorneys for Plaintiff
7                                                    JET SOURCE CHARTER, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Rutan & Tucker LLP
attorneys at law

2149/021736-0005
682375.02 a02/15/06                    -27-

Complaint for Avoidance and Recovery of
Fraudulent Transfers, Avoidance and Recovery
of Preferences, Declaratory Relief, Etc.